Rehearing granted, November 18, 2009

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6100**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AMADO ANTONIO CARTAGENA,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00153-FDW-DCK-1)

_____

Submitted: June 18, 2009         Decided: June 23, 2009

_____

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished by per curiam opinion.

_____

Amado Antonio Cartagena, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amado Antonio Cartagena seeks to appeal the district court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on September 14, 2008. The notice of appeal was filed on January 4, 2009.[*] Because Cartagena failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2